## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| JENNIFER IRENE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-01407 |
| | ) | |
| WARDEN, FPC Alderson, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On November 5, 2018, Petitioner, acting *pro se*, filed her Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and Memorandum in Support. (Document Nos. 1 and 2.)[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

### FACTS AND PROCEDURE

1.    **Criminal Action No. 5:15-00050:**

On December 17, 2015, Petitioner pled guilty in the Western District of North Carolina to one count of Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One). United States v. Brown, Case No. 5:15-cr-00050 (W.D.N.C. August 11, 2016), Document Nos. 31 and 32. On August 9, 2016, the District Court sentenced Petitioner to a 63-month term of imprisonment, to be followed by a five-year term of supervised release. Id., Document No. 59. Petitioner did not appeal her

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

conviction or sentence.

On November 10, 2016, Petitioner filed in the Western District of North Carolina a Section 3582(c)(2) Motion arguing that she was entitled to a sentence reduction based on Amendment 794 of the United States Sentencing Guidelines. Id., Document No. 65. By Order entered on May 26, 2017, the District Court denied Petitioner's Section 3582(c)(2) Motion. Id., Document No. 67.

On August 22, 2017, Petitioner filed in the Western District of North Carolina her Motion to Vacate Under 28 U.S.C. § 2255. Id., Document No. 68. As grounds for relief, Petitioner asserted that she was denied effective assistance of counsel "which resulted in a longer sentence and affects how the Bureau of Prison carries out my sentence." Id., p. 4. Specifically, Petitioner argued that counsel failed to object to the application of a two-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in relation to her drug trafficking offense. Id. By Order entered on May 21, 2018, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 72.

On March 12, 2018, Petitioner filed in the Western District of North Carolina letter-form Motion for Reconsideration of gun enhancement. Id., Document No. 70. In support, Petitioner stated that she is ineligible for "time off for successful completion" of Residential Drug Abuse Program due to the gun enhancement imposed at sentencing. Id. Petitioner, therefore, requested that the District Court reconsider the imposition of the gun enhancement. Id. By Order entered on March 15, 2018, the District Court denied Petitioner's Motion. Id., Document No. 71.

On September 17, 2018, Petitioner filed in the Western District of North Carolina her second Motion to Vacate Under 28 U.S.C. § 2255. Id., Document No. 73. As grounds for relief,

2

Petitioner requested relief based upon <u>Sessions v. Dimaya</u>, ___ U.S. ___, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018). <u>Id.</u>, p. 4. Specifically, Petitioner asserted that "Section 924(c) has been struck down for being unconstitutionally vague, and, therefore, an enhancement formerly considered a 'crime of violence; must now be struck down and removed." <u>Id.</u> By Order entered on September 27, 2018, the District Court denied Petitioner's Section 2255 Motion as successive. <u>Id.</u>, Document No. 74.

**2.     Instant Section 2241 Petition:**

On November 5, 2018, Petitioner filed her instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and Memorandum in Support. (Civil Action No. 1:18-01407, Document Nos. 1 and 2.) Petitioner argues that she is being improperly denied a sentence reduction pursuant to 18 U.S.C. § 3621. (<u>Id.</u>) Petitioner explains that she completed the Residential Drug Abuse Program ["RDAP"], but was denied early release by BOP officials due to the gun enhancement she received at sentencing. (<u>Id.</u>) Petitioner argues that the policy that makes her ineligible for a sentence reduction under 18 U.S.C. § 3621(e) is arbitrary and unlawful. (<u>Id.</u>) Petitioner notes that Congress failed to define "non-violent" offenders. (<u>Id.</u>) Petitioner, however, complains that "the BOP has set out in the Code of Federal Regulations and its own Program Statements the criteria for determining eligibility for early release." (<u>Id.</u>) Specifically, Petitioner states that applicable to her eligibility "is a provision in P5162.05 that makes any person who was convicted of a drug offense under 21 U.S.C. § 841 and 846, and who received a two level sentencing enhancement for possession of a firearm, ineligible for a sentence reduction." (<u>Id.</u>) Petitioner notes that Program Statement 5162.05 § 4 provides that a defendant with such an enhancement is ineligible for a sentencing

3

reduction because "possession of a dangerous weapon during the commission of a drug offense poses a substantial risk that force may be used against persons or property." (Id.) Petitioner concludes that "[b]ecause the BOP's interpretation is based on language that arbitrarily enforces and applies the statute, it must be struck down as invalid under a *Chevron* analysis." (Id.) Petitioner further argues that the "the language used by the BOP in its Program Statement to disqualify inmates whose conduct 'poses a substantial risk that force may be used against persons or property,' is very similar to language deemed unconstitutionally vague in Johnson v. United States, 135 S.Ct. 2551 (2015)" and Sessions v. Dimaya, 138 S.Ct. 1204 (2018). (Id.) Petitioner, therefore, concludes that she is entitled to *habeas* relief. (Id.)

By Order entered on November 6, 2018, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Id., Document No. 4.) On December 14, 2018, Respondent filed his Response to the Order to Show Cause. (Id., Document No. 6.) Respondent argues that Petitioner's Petition should be denied because "Petitioner is precluded from early release consideration." (Id.)

As Exhibits, Respondent attaches the following: (1) The Declaration of Tiffanie Little (Id., Document No. 6-1, p. 2.); (2) A copy of Petitioner's "Judgment in a Criminal Case" regarding Criminal Action No. 5:15-00050 (Id., pp. 4 - 9.); (3) A copy of Petitioner's "Sentence Monitoring Computation Data As Of 11-09-2018 (Id., pp. 11 – 12.); (4) A copy of Petitioner's "Inmate Profile" dated November 9, 2018 (Id., pp. 14 – 15.); and (5) A copy of Petitioner's "Request for § 3621(e) Offense Review" (Id., pp. 17 – 18.).

By Order and Notice entered on December 18, 2018, the undersigned advised Petitioner

of her right to file a Reply to Respondent's Response. (Id., Document No. 7.) Petitioner has failed to file a Reply.

## DISCUSSION

1.     **Petitioner's Provisional Eligibility for Early Release Under Section 3621(e).**

Petitioner asserts that the BOP erred by considering her firearm conviction when determining whether she qualified for early release under the RDAP. (Document Nos. 1 and 2.) Petitioner argues that the BOP policy that makes her ineligible for a sentence reduction under 18 U.S.C. § 3621(e) is arbitrary and unlawful. (Id.)

Title 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program as follows:

> **(2) Incentive for prisoner's successful completion of treatment program. - -**
>
> **(A) Generally.** – Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such condition on determining that substance abuse has recurred.

**(B) Period of custody.** - - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Section 3621, however, does not set forth the criteria for eligibility for early release. Rather, the statute vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining eligibility for early release. Title 28 C.F.R. § 550.55[2]

---

[2]   Title 28, C.F.R. § 550.55 sets forth in part, the following eligibility requirements:

(a) Eligibility. Inmates may be eligible for early release by a period not to exceed twelve months if they:
   (1) Were sentenced to a term of imprisonment under either:

   (i) 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense; or

   (ii) D.C. Code § 24-403.01 for a nonviolent offense, meaning an offense other than those included within the definition of "crime of violence" in D.C. Code § 23-1331(4); and

   (2) Successfully complete a RDAP, as described in § 550.53, during their current commitment.

(b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
                                        * * *
   (5) Inmates who have a current felony conviction for:
                                        * * *
   (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
   (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
                                        * * *
(c)   Early release time-frame.
   (1) Inmates so approved may receive early release up to twelve months prior to the expiration of the term of incarceration, except as provided in paragraphs (c)(2) and (3) of this section;
   (2) Under the Director's discretion allowed by 18 U.S.C. 3621(e), we

6

provides in part that inmates who have a "current felony conviction" for an offense that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release consideration. 28 C.F.R. § 550.55(b)(5)(ii) and (iii). The BOP explains this eligibility criteria in Program Statement ["P.S."] 5162.05 stating that inmates whose current offense is a felony that "[i]nvolved the carrying, possession, or use of a firearm or other dangerous weapon or explosive" shall be precluded from receiving certain Bureau program benefits. P.S. 5162.05 § 4 identifies offenses that at the director's discretion shall preclude an inmate's receiving certain Bureau Program benefits. Section 4(b) of P.S. 5162.05 provides that a person convicted of a drug offense under 21 U.S.C. § 841 and 846, who has received a two-level sentencing enhancement for possession of a firearm or dangerous weapon, has been convicted of an "offense that will preclude the inmate from receiving certain Bureau program benefits." Accordingly, P.S. 51620.05 precludes early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B), for any inmate whose drug conviction under 28 U.S.C. § 841 or 846 was enhanced based upon possession of a firearm because "possession of a dangerous weapon during the commission of a drug offense poses a substantial risk that force may be used against persons or property." P.S. 5162.05 § 4.

Although Petitioner contends that the BOP did not have authority to classify her drug conviction as a "crime of violence" rendering her ineligible for early release consideration

---

may limit the time-frame of early release based upon the length of sentence imposed by the Court;
(3) If inmates cannot fulfill their community-based treatment obligations by the presumptive release date, we may adjust provisional release date by the least amount of time necessary to allow inmates to fulfill their treatment obligations.

pursuant to 18 U.S.C. § 3621(e), the express language of the statute clearly vests the BOP with broad discretion to make such a determination. However, because Congress failed to define "convicted of a non-violent offense" for purposes of 18 U.S.C. § 3621(e)(2)(B), the Court must determine whether 28 C.F.R. § 550.55, as applied through Program Statement 5162.05, represents a reasonable interpretation of the statute.

In reviewing an agency's interpretation of a statute, it is well settled that the Court must first determine "whether Congress has spoken directly to the precise question at issue." Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). If Congress' intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id.; also see Barber v. Thomas, 560 U.S. 474, 130 S.Ct. 2499, 2509, 177 L.Ed.2d 1 (2010)(finding no need to analyze the BOP's interpretation of the statute under the second level of the *Chevron* analysis where the BOP applied the statute as it is most naturally read and in accordance with the statute's purpose.) If Congress' intent is not clear, however, then the statute is ambiguous and the question for the Court becomes "whether the agency's answer is based on a permissible construction of the statute." Chevron, supra, 467 U.S. at 842, 104 S.Ct. at 2782. The Court must accord "substantial deference" to the agency's reasonable interpretation of a statute Congress has charged it with administering, unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844-45, 104 S.Ct. at 2782-83. When the agency's regulatory action is not subject to the Administrative Procedures Act [APA], 5 U.S.C. § 553, however, deference due under Chevron is inapplicable and the agency's interpretation is only "entitled to some deference. . . [so long as] it is a 'permissible construction of the statute.'" See

8

Reno v. Koray, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995); see also Hogge v.

Wilson, 648 Fed.Appx. 327, 330 (4th Cir. 2016)(citing, Knox Creek Coal Corp. v. Sec'y of

Labor, Mine Safety & Health Admin., 811 F.3d 148, at 160 (4th Cir. 2016)(BOP program

statements are not entitled to *Chevron* deference but are entitled to some deference under the

*Skidmore*-deference framework, which is deference "to the BOP's method 'to the extent it has

the 'power to persuade.'"); Fuller v. Moore, 1997 WL 791681 (4th Cir. Dec. 29, 1997)(BOP

program statements are not subject to the rigors of the APA and therefore, are only entitled

"some deference."). Although the Supreme Court did not explain the difference between

"substantial deference" and "some deference," the Eleventh Circuit explained the meaning of

"some deference" as follows:

> We do not think it is obvious, however, that "some deference" means there are
> occasions in which we should uphold the interpretation contained in a BOP
> program statement, even though it is different from the one we would reach if we
> were deciding the matter *de novo*. If that were not true, "some deference" would
> be the same as "no deference," and that would render the Supreme Court's word
> in Koray meaningless.

Cook v. Wiley, 208 F.3d 1314, 1319-20 (11th Cir. 2000). In Christensen v. Harris County, 529

U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000), in declining to defer to an agency's

interpretation contained in an opinion letter, the Supreme Court stated:

> Interpretations such as those in opinion letters -- like interpretations contained in
> policy statements, agency manuals, and enforcement guidelines, all of which lack
> the force of law -- do not warrant Chevron-style deference. Instead,
> interpretations contained in formats such as opinion letters are "entitled to
> respect" under our decision in Skidmore v. Swift & Co., 323 U.S. 134, 140, 65
> S.Ct. 161, 89 L.Ed. 124 (1944), but only to the extent that those interpretations
> have the 'power to persuade.'

Christensen, 529 U.S. at 587, 120 S.Ct. at 1662 (citations omitted); see also United States v.

Mead Corp., 533 U.S. 218, 235, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)(new policy is entitled

only "some deference" or "respect proportional to 'its power to persuade.'"). The Fourth Circuit has determined that interpretations contained in BOP programs statements are "worthy of our respect under the *Skidmore*-deference framework [and] "[w]e therefore will defer to the BOP's method 'to the extent it has the 'power to persuade.'" See <u>Hogge</u>, <u>supra</u>, 648 Fed.Appx. at 330(citations omitted). The BOP's interpretation as expressed in 28 C.F.R. § 550.55 is subject to the notice and comment provisions of the APA and therefore, the undersigned finds that the interpretation is entitled substantial deference. Program Statements 5162.05, however, is not subject to the APA and therefore, is entitled to respect to the extent that it has power to persuade. Under this framework, the undersigned finds that the BOP's interpretations of Section 3621(e) and P.S. 5162.05 are "permissible constructions of the statute" and are in accord with its plain meaning and legislative intent.

Section 3621(e) states that the sentence of an inmate "convicted of a non-violent offense . . .*may* be reduced by the Bureau of Prisons." 18 U.S.C. § 3621(e)(2)(B)(emphasis added). The legislative history indicates that part of the reason in passing Section 3621, was ultimately to reduce the recidivism rate of substance abusers by providing an incentive for inmates to obtain drug treatment. See Residential Substance Abuse Treatment in Federal Prisons, P.L. 103-322, Violent Crime Control and Law Enforcement Act of 1994, H.R. Rep. No. 103-320, at 2 (1993). The "non-violent offense" language, however, was inserted to ensure that inmates likely to commit violent crimes do not receive early release. Id. Other than alluding to the BOP's discretionary authority in awarding early release, the legislative history does not provide any further insight into whether the BOP could categorically exclude certain inmates from early release. Accordingly, the undersigned must determine under the second step of the <u>Chevron</u>

10

analysis whether the BOP's interpretation of Section 3621(e) is a reasonable and permissible construction of the statute.

The BOP's interpretation of Section 3621(e) and establishment of eligibility criteria is entitled substantial deference. The undersigned finds that in view of the statute's complete silence on eligibility, the BOP's interpretation is not inconsistent with the language of the statute as a whole. The statute provides that the BOP may reduce the sentence of an inmate convicted of a nonviolent offense. The BOP has construed this language to mean that inmates who have a "current felony conviction" involving the "carrying, possession, or use of a firearm" should not be rewarded with a one-year early release. See 28 C.F.R. § 550.55, P.S. 5162.05. In promulgating Section 550.55, the BOP explained in pertinent part as follows: "The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentence." Drug Abuse Treatment Program, 74 Fed.Reg. 1892, 1895 (Jan. 14, 2009). In Lopez v. Davis, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), the United States Supreme Court determined that the BOP had not abused its discretion in promulgating Section 550.58 (1997 regulation) because the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggest his readiness to resort to life-endangering violence." Lopez v. Davis, 531 U.S. 230, 244, 121 S.Ct. 714, 724, 148 L.Ed.2d 635 (2001)("[T]he Bureau may categorically exclude prisoners based on their preconviction conduct . . .."). The undersigned notes that effective March 16, 2009, 28 C.F.R. § 550.58 was modified slightly and redesigned as 28 C.F.R. § 550.55. Section 550.55 is essentially identical to Section 550.58, but contains a

11

detailed rationale as to why inmates who have been convicted of carrying, possessing, or using a firearm in connection with a drug trafficking offense are ineligible for consideration for early release. See Hicks v. Federal Bureau of Prisons, 603 F.Supp.2d 835 (D.S.C. 2009)(When applying Section 550.55, Petitioner's APA challenge fails because the new regulation merely clarifies the BOP's position), aff'd, 358 Fed.Appx. 393 (4th Cir. 2009), cert. denied, ___ U.S. ___, 130 S.Ct. 3442, 177 L.Ed.2d 347 (2010); also see Holland v. Federal Bureau of Prisons, 2009 WL 2872835 (D.S.C. Sept. 2, 2009)(slip copy)(finding that petitioner's petition should be dismissed because (1) his claim "based on *Arrington's* conclusion that § 550.58 violated the APA fails because the regulation satisfies the Fourth Circuit's requirement that the agency's rationale be 'reasonably discernable,'" and (2) "the newly adopted § 550.55 contains a detailed explanation"). The undersigned, therefore, finds that the BOP's interpretation of Section 3621(e) is reasonable and permissible.

2.      **Vague-for-Vagueness claim based upon <u>Johnson</u>:**

In the instant case, Petitioner argues that the language used by the BOP in its regulations and Program Statement "to disqualify inmates whose conduct 'poses a substantial risk that force may be used against persons or property,' is very similar to language deemed unconstitutionally vague in Johnson v. United States, 135 S.Ct. 2551 (2015)" and Sessions v. Dimaya, 138 S.Ct. 1204 (2018). Specifically, Petitioner appears to challenge 28 C.F.R. § 550.55(b)(5)(iii) as void-for-vagueness. 28 C.F.R. § 550.55(b)(5)(iii) provides that inmates whose current felony offense is a felony that "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release consideration. 28 C.F.R. § 550.55(b)(5)(iii). Respondent completely failed to address the above issue in his

12

Response. (Document No. 6.)

In <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." <u>Johnson</u>, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." <u>Id.</u> In <u>Sessions v. Dimaya</u>, ___ U.S. ___, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), the Supreme Court extended <u>Johnson</u> and determined that the "residual clause" found in 18 U.S.C. § 16(b) is unconstitutionally vague. Recently, the Supreme Court also held that the "residual clause" of Section 924(c)(3)(B) is unconstitutionally vague. <u>United States v. Davis</u>, ___ U.S. ___, 139 S.Ct. 2319, ___ L.Ed.2d ___ (2019). Void-for-challenges, however, only apply to penal statutes. <u>See</u> <u>Gonzales v. Carhart</u>, 550 U.S. 124, 149, 127 S.Ct. 1610, 167 L.Ed.2d. 480 (2007)("[T]he void-for-vaguenss doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and

in a manner that does not encourage arbitrary and discriminatory enforcement.") Thus, the undersigned finds that the BOP's above regulations and policies are not subject the void-for-vagueness challenge. See Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017)(holding that the United States Sentencing Guidelines are not subject to a void for vagueness challenge in light of *Johnson* because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences."); Dawkins v. Warden, 2019 WL 2343812, * 2 (D.S.C. May 14, 2019)(dismissing petitioner's void-for-vagueness challenge to BOP regulations and policies); Lugo v. Wilson, 2018 WL 6683946, * 7 (E.D.Va. Nov. 15, 2018)(rejecting petitioner's *Johnson* challenge because petitioner's denial of early release was based upon BOP policy and not "based upon a sentence enhancement under the ACCA or a provision of the Immigration and Nationality Act"); also see Brunetti v. Ortiz, 2019 WL 1548642, * 1 (D.N.J. April 9, 2019)(finding that the due process concerns in *Dimaya* and *Johnson* did not apply to petitioner's challenge to BOP regulations because petitioner had no due process liberty interest in his security classification); Ferranti v. Lane, 2018 WL 3390185, * 6 (M.D. Penn. July 12, 2018)(stating that "[t]he *Beckles* Court refused to apply *Johnson* to a void-for-vagueness challenge to a similar residual clause found in advisory Sentencing Guidelines § 4B1.2(a) because the Guidelines, like the Program Statements, 'do not regulate the public by prohibiting any conduct,' but provide guidance in the exercise of discretion within the bounds established by Congress."); Kuban v. Snyder-Norris, 2017 WL 2609037, * 3 (E.D.Ky. June 15, 2017)(finding that "[b]ecause Section 550.55(b)(iii) does not proscribe conduct and its application cannot result in the imposition of a longer sentence, it is not susceptible to a vagueness challenge, whether under *Johnson* or its precursors."); Strausbaugh v. Shartle, 2017

14

WL 3017135, * 4 (D.Ariz. April 11, 2017)(finding that *Johnson* did not apply to petitioner's vagueness challenge to P.S. 5162.05 because the program statement did not prohibit conduct). Accordingly, Petitioner's argument that the holding of <u>Johnson</u> extends to the above BOP regulations and policies is without merit.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document Nos. 1 and 2) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure,  the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct.

466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: September 17, 2019.

Omar J. Aboulhosn
United States Magistrate Judge

16